UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ALEXANDER | CIVIL ACTION |
| VERSUS | No. 18-2889 |
| LOUISIANA STATE BOARD OF PRIVATE INVESTIGATOR EXAMINERS ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff to remand this case to state court. Defendants oppose[2] the motion.

Plaintiff's motion is meritless. In his complaint, plaintiff asserts multiple federal causes of action.[3] Thus, the Court has original jurisdiction over this action pursuant to Title 28, United States Code, § 1331. Further, despite plaintiff's protestations to the contrary,[4] defendants' removal complied with the federal removal statute.[5] *See* 28 U.S.C. § 1446 (procedure for removal of civil actions).

Plaintiff also suggests that the Court has the discretion to remand this entire action, state *and federal* law claims, to state court on the ground that "state law claims predominate."[6] At one time, the Fifth Circuit endorsed this position based on the then-current language in the federal removal statute. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998) ("[W]e have since

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 17; R. Doc. No. 18.
[3] *See* R. Doc. No. 1-3, at 1-38 (plaintiff's state court petition for damages).
[4] *See* R. Doc. No. 12-1, at 5-7.
[5] *See* R. Doc. No. 1 (notice of removal).
[6] R. Doc. No. 12-1, at 7.

1

noted that the new § 1441(c) permits courts to remand an entire action, or distinct claims, both state and federal, if state law predominates."). However, that position appears to have been anything but a settled component of circuit law. *See Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008) ("To the extent *Laurents* conflicts with the later-decided *Metro Ford*, we are bound to follow *Laurents*."); *Laurents v. Arcadian Corp.*, 69 F.3d 535 (5th Cir. 1995) ("Although the district court has discretion to remand state law claims that were removed along with one or more federal question claims, it may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the retention of jurisdiction 'inappropriate.'"). In any event, Congress amended the federal removal statute in 2011 to remove the language upon which plaintiff's position depended.

Finally, plaintiff indicates that he would like an opportunity "to amend [his] petition to remove the federal causes of action."[7] However, the Court will not construe plaintiff's opposition as a motion for leave to file an amended complaint. Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana, May 18, 2018.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[7] *Id.* at 9.